OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant was charged with criminal possession of a weapon in the third degree. A pretrial hearing was held pursuant to the defense motion to suppress a gun taken from defendant’s person and a statement made by him at the time his car was stopped. The People asserted that the car was legally stopped because of a violation of Vehicle and Traffic Law § 1123, that is that defendant passed on the right of another vehicle when no cars in the left-hand lane had signaled for a left turn. The defense claimed that passing on *610 the right was not limited to instances in which other vehicles were preparing to make left turns, that passing on the right was permitted if there was adequate space to make the pass, and that the police officer who stopped the car had no reasonable basis for stopping the car.
This court concludes based on the construction and history of section 1123 that the defendant did not violate the Vehicle and Traffic Law and that there was no reasonable basis for believing that he did. Therefore the stop was unlawful and all evidence obtained as a result of the stop is suppressed.
Section 1123 states:
"(a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
"1. When the vehicle overtaken is making or about to make a left turn;
"2. Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two or more lines of moving vehicles in each direction;
"3. Upon a one-way street, or upon any roadway on which traffic is restricted to one direction of movement, where the roadway is free from obstructions and of sufficient width for two or more lines of moving vehicles.
"(b) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.”
Section 1123 allows right-hand passing in three instances, and this court rejects the prosecutor’s argument that the statute precluded a right passing by the defendant unless he satisfied both subdivisions (a) (1) and (a) (2) of section 1123.
Under the interpretation advanced by the prosecutor the statute would authorize passing on the right if there was both sufficient width in the street, not occupied by parked vehicles, for the passage of two lines of moving traffic going north and the car in front of defendant was making a left-hand turn. However, the language of the statute and legislative history do not provide an indication that permissible right-side passing requires satisfaction of more than one subdivision of section 1123 (a). To adopt the People’s argument, one of two interpretations of the statute would be required. First, all three subdivisions of section 1123 (a) would have to be satis *611 fied to allow passing. That, however, would be impossible because subdivisions (a) (2) and (a) (3) are mutually exclusive, the former applying to two-direction streets and the latter to one-direction streets. Alternatively, that statute would require compliance with subdivisions (a) (1) and (a) (2), or (a) (1) and (a) (3). However, there is no indication in the statute or legislative history of such an intended meaning.
Section 1123 first appeared in the Vehicle and Traffic Law in 1953 as an addition to section 81. (L 1953, ch 280, § 1 [eff Mar. 28, 1953].) It was derived from the post-1945 version of the Uniform Vehicle Code and was a new feature of the New York Vehicle and Trafile Law. (A Comparative Study of the Vehicle and Traffic Law with the Uniform Vehicle Code, Report of NY State Joint Legis Comm on Motor Vehicle Problems, 1951 NY Legis Doc No. 15A, Statute V, Comparative Table; Modernization of the Vehicle and Traffic Law of the State of New York based on the Uniform Vehicle Code, Part 1, Rules of the Road, Joint Legis Comm on Motor Vehicle Problems, 1954 NY Legis Doc No. 36, at 60 [hereinafter 1954 Report].)
The language and structure of the 1953 statute indicates that it provided three separate situations in which right-side passing is authorized. A review of the source of the 1953 statute is significant to the analysis. The pre-1945 version of section 65 (a) (2) of the Uniform Vehicle Code provided for passing on the right on a roadway of sufficient width for "four or more lanes of moving traffic.” In this early version of the Uniform Vehicle Code a single subdivision, (a) (2), applied to streets or roadways, whether traffic moved in one direction or both directions. When in 1945, the Uniform Code was revised, subdivision (a) (2) was limited in its application to streets or highways with two-direction traffic. Subdivision (a) (3) was added and applied to streets and highways with traffic in one direction. Subdivision (a) (3) did not require an absence of parked vehicles, while subdivision (a) (2) continued to do so. In addition, subdivision (b) was added and imposed two qualifications on the right given under subdivision (a): (1) the traffic conditions must be such that the driver might move in safety and (2) the driver must not leave the main-traveled portion of the highway.
The adoption by New York of a statute providing separate treatment for passing on one-direction and two-direction streets, combined with the addition of subdivision (b) set up three instances in which right-side passing is permitted. To *612 read it any other way would require different language, that is an "and” after subdivision (a) (1) with an "or” between subdivision (a) (2) and (a) (3), but the Legislature did not use such language. Further, the inclusion of subdivision (b) precludes a reading of the parts of subdivision (a) that would make subdivision (b) surplusage.
When in 1954 the Joint Legislative Committee recommended repassage of the 1953 statute as part of a total revision of the 1929 Vehicle and Traffic Law, the Committee noted that the 1953 statute was practically identical with the section they proposed* and with New York City Traffic Regulations § 72 (i). The relevant New York City Regulations (§ 72 [h], [i]) then read:
"A driver * * *
"(h) May pass to the right or left in overtaking a vehicle on a one-way street.
"(i) May pass to the right or left in overtaking a vehicle proceeding in the same direction on a two-way street provided in passing the driver of the overtaken vehicle shall not be forced out of his right of way.”
These regulations, published on July 1, 1951, April 1, 1953, and October 1, 1955, and one of the sources for section 1123, make clear that passing on the right is a provision independent of passing on the right when other cars are turning left.
As noted, the 1954 Report of the Joint Legislative Committee, recommended the readoption of section 81, which ultimately became section 1123. (See, L 1957, ch 698; L 1959, ch 775.) The 1954 Report says of section 1123: "Subsection (a) of section 193 [enacted as § 1123] explicitly states the situations in which a driver may overtake and pass on the right of another vehicle traveling in the same direction.” (1954 Report, at 60.) The report particularly refers to the "situations” in which a driver may overtake and pass on the right, making explicit that more than one situation is contemplated. Accordingly, this court concludes that passing in compliance with subdivision (a) (1) or (a) (2) or (a) (3) is permissible, and that although the court credits the defense testimony at the hearing, under either version defendant satisfied the requirements of section 1123 for right-hand passing.
The remaining question is whether the police officer had a *613 reasonable basis for believing that there was a violation of the Vehicle and Traffic Law. His testimony was that he stopped defendant’s car "because it is against the law to pass another vehicle on the right-hand side.” The officer had no reasonable basis for such a conclusion. The law in New York City permitting such passing has been the same since at least 1951, and the officer’s belief was totally contrary to these regulations. The Joint Legislative Committee set out the general understanding of the law: "For example, Westchester County prohibits overtaking and passing on the right even though the Vehicle and Traffic Law, since 1953, and New York City’s Traffic Regulations, for many years prior to 1953, conform to the uniform rules by permitting such overtaking under specified conditions.” (Motor Transportation and Public Utilities, 1954 NY Legis Ann, at 256.) Accordingly, the stop was unlawful and all the evidence obtained is suppressed. The motion is granted.

 The differences were in subdivision (a) (2) in which the words "or highway” were added and commas around "not occupied by parked vehicles” deleted.